IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBYN BRODY,<br><br>    Plaintiff,<br><br>v.<br><br>FOX BROADCASTING COMPANY, LLC,<br><br>    Defendant. | Case No.: |

**COMPLAINT AND JURY DEMAND**

The plaintiff Robyn Brody ("Plaintiff"), by her undersigned attorneys, Rath, Young and Pignatelli, PC, for her Complaint against the defendant Fox Broadcasting Company, LLC ("Defendant"), alleges as follows:

**SUBSTANCE OF THE ACTION**

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

**PARTIES**

2. Plaintiff is a professional photographer operating the business Robyn Stevens Brody, LLC which is located in Baltimore, Maryland.

3. Defendant is a limited liability company registered in New York and may be served at 28 Liberty Street, New York, New York, 10005.

1

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     Plaintiff's Business**

7. Plaintiff is a freelance photographer and photojournalist. Her work has appeared in *The New York Times*, *CNN*, *MSNBC*, *Times of Israel*, *APNews*, *CBS News*, *NBC*, *Inside Edition*, *MSNBC*, *Good Morning America*, among others. She has recently gained renown for her work covering the attack on the United States Capital on January 6, 2021 when supporters of the former president Donald J. Trump obstructed the United States Congress's affirmation of the Electoral College vote regarding the results of the 2020 United States Presidential Election.

8. Plaintiff licenses her work for professional applications including illustrative, editorial, advertising, corporate, and non-profit use.

9. Plaintiff owns of the copyrights in the photographic image of Kelly Meggs and other so-called "Oath Keepers" in military gear marching in-line formation during the storming of the United States Capital on January 6, 2021, a copy of which is attached hereto as Exhibit A

(the "Copyrighted Work").

10. The Copyrighted Work is an original work of authorship.

11. Plaintiff has obtained registration with the United States Copyrighted Office for the Copyrighted Work. Attached hereto as Exhibit B is a copy of the certificate for registration obtained from the United States Copyright Office.

B. **Defendant's Unlawful Activities**

12. Plaintiff discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyrighted Work.

13. Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed and publicly displayed, without Plaintiff's authorization, at one of Defendant's websites to illustrate a news story in which one of Defendant's correspondents in Florida interviewed Kelly Meggs by telephone from his jail cell in Washington D.C., screenshots of which are attached hereto as Exhibit C.

14. Defendant, in order to attract and retain viewers, located the Copyrighted Work on the internet and, without authorization from Plaintiff, downloaded the Copyrighted Work to computer systems owned or operated by Defendant and used the Copyrighted Work in its broadcast of the Kelly Meggs telephonic interview, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, creating an derivative work from, and publicly displaying the Copyrighted Work.

15. Since the original creation and display of that infringing broadcast, Defendant has continued to reproduce, distribute, and publicly display the Copyrighted Work in its infringing broadcast to generate advertising revenue.

16. Defendant is directly responsible for the reproduction, distribution, derivation,

and public display of the Copyrighted Work.

17. Defendant's reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Work are without Plaintiff's authorization.

18. Defendant's reproduction, distribution, public display, and derivation of Plaintiff's Copyrighted Work are for commercial purposes; to attract more viewers and generate more advertising revenue.

19. Defendant's reproduction, distribution, public display, and derivation of Plaintiff's Copyrighted Work are not for educational purposes.

20. Defendant's reproduction, distribution, public display, and derivation of Plaintiff's Copyrighted Work are not for purposes of criticism.

21. Defendant's reproduction, distribution, public display, and derivation of Plaintiff's Copyrighted Work does not transform the Copyrighted Work by adding new expression or meaning.

22. Defendant does not add to the Copyrighted Work by creating new information, new aesthetics, new insights, and understandings of the Copyrighted Work.

23. The nature of the Copyrighted Work is artistic and of enormous cultural and historic value.

24. Defendant used the entire portion of the Copyrighted Work.

25. Defendant is a sophisticated media company that understands copyright law and the need to obtain a license to publish the copyrighted works of others.

26. Defendant has harmed, and continues to harm, the potential market for or value of the Copyrighted Work by robbing Plaintiff of her exclusive right to license the Copyrighted Work for illustrative and other purposes.

27. Defendant purposefully and willingly used the Copyrighted Work without bothering to obtain a license, accepting that such conduct might draw an infringement suit but such is the small price of revenue growth for Defendant.

28. Upon discovering Defendant's infringement, Plaintiff caused a cease and desist notifications to be sent to Defendant yet Defendant's infringing conduct continues to this day.

29. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Work are the result of a business model built on willful infringement in that Defendant can use the copyrighted works of others without paying licensing fees and then, only when caught in the act of infringement, Defendant can negotiate a small settlement sum knowing that few copyright owners have the means to seek relief from a federal court.

30. In the event a copyright owner does initiate a lawsuit and prevails on an infringement claim, Defendant is comforted in that there are some judges who may award damages as little as $750, a small price that encourages infringement as it renders the enforcement of copyrights prohibitively expensive.

## CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 *et seq.*)

31. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

32. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

33. As exclusive licensee, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

34. Upon information and belief, as a result of Plaintiff's reproduction, distribution

and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of Defendant's infringing website.

35. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the infringing website.

36. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

37. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

38. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

39. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

40. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

41. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent

injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 1203(b)(5);

8. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

9. Permanently enjoining Defendant, its employees, agents, officers, directors,

attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's or to participate or assist in any such activity; and

10. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: July 22, 2022

                                          Respectfully submitted,

                                          /s/ *R. Terry Parker*
                                          R. Terry Parker, Esquire
                                          RATH, YOUNG and PIGNATELLI, P.C.
                                          120 Water Street, Second Floor
                                          Boston, MA 02109
                                          Telephone: (603) 226-2600
                                          Email: rtp@rathlaw.com

                                          *Attorneys for Plaintiff*
                                          *Robyn Brody*