# MINTZ & GOLD LLP
### ATTORNEYS AT LAW

STEVEN W. GOLD
STEVEN G. MINTZ*
JEFFREY D. POLLACK*
ELLIOT G. SAGOR
IRA LEE SORKIN
LON JACOBS
STEVEN A. SAMIDE
SCOTT A. KLEIN
TERENCE W. MCCORMICK***
ROBERT B. LACHENAUER
ROGER L. STAVIS
CHARLES A. ROSS**
RICHARD M. BRESLOW
BARRY M. KAZAN*
CRAIG D. SPECTOR*
KEVIN M. BROWN
ALEXANDER H. GARDNER
HEATH LORING
PETER GUIRGUIS
ANDREW R. GOTTESMAN
MATTHEW S. SEMINARA
JULIA B. MILNE
RYAN W. LAWLER*
ANDREW A. SMITH
ADAM K. BRODY
ANDREW E. STECKLER
ALEX J. OTCHY*
CARLI M. ABERLE
ZACHARY J. TURQUAND
SITIE "ESTHER" TANG

600 THIRD AVENUE
25TH FLOOR
NEW YORK, NEW YORK 10016

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231

www.mintzandgold.com

SENIOR COUNSEL
JACK A. HORN
NOREEN E. COSGROVE
TIMOTHY J. QUILL, JR.

OF COUNSEL
HONORABLE VITO J. TITONE (dec.)
(NY State Court of Appeals 1985-1998)
HARVEY J. HOROWITZ (dec.)
HONORABLE HOWARD MILLER
(NY Appellate Div. 1999-2010 [ret.])
ALAN KATZ
ERIC M. KUTNER
BRIAN T. SAMPSON
ERICA NAZARIAN
TARA SHAMROTH
JARED VAN VLEET
ANDREW P. NAPOLITANO⁺

⁺ADMITTED TO PRACTICE ONLY BEFORE ALL
COURTS IN NEW JERSEY AND ALL FEDERAL COURTS
IN NEW YORK CITY

*ALSO ADMITTED IN NEW JERSEY
**ALSO ADMITTED IN FLORIDA
***ALSO ADMITTED IN CALIFORNIA

> *[Handwritten]:* Discovery is stayed. The conference is adjourned sine die. /s/ Denise Cote 9/22/22

September 19, 2022

By Letter Motion Via ECF
Hon. Denise L. Cote
United States District Court
500 Pearl Street, Room 1910
New York, NY 10007-1312

        Brody v. Fox Broadcasting Company, LLC
        No. 22-cv-06249 (DLC)

Dear Judge Cote:

      This firm represents Defendant Fox Broadcasting Company, LLC ("FBC") in the above-captioned copyright action. We write to request an Order staying discovery, including the pending initial pretrial conference, which is currently scheduled for September 30, 2022, until resolution of FBC's pending Rule 12(b)(6) motion to dismiss. The parties have not yet held a Rule 26(f) conference and no discovery has commenced.

MINTZ & GOLD LLP
ATTORNEYS AT LAW

Hon. Denise L. Cote
September 19, 2022
Page 2

Under Fed. R. Civ. P. 26(c), a court may, "for good cause," issue an order staying discovery. Courts in this District have held that a stay of discovery may be appropriate in the light of "multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay.'" Republic of Turkey v. Christie's, Inc., 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation omitted).

FBC's motion raises substantial grounds for dismissal, principally under the fair use doctrine. 17 U.S.C. § 107. The Fox 35 news report at issue used the subject image to report on the pending criminal indictment of one of the Oath Keepers at the January 6 insurrection. The indictment itself relied, in part, on the Plaintiff's image as evidence. Therefore, because the image itself had become news, the use was transformative. See Nunez v. Caribbean Int'l News Corp., 235 F.3d 18 (1st Cir. 2000).

Merits discovery would serve no purpose in responding to the pending motion, as the Court may resolve the fair use defense by comparing the allegedly infringing work described in the complaint (here, the image as used in the television news report) with the original work. See Cariou v. Prince, 714 F.3d 694, 707-08 (2d Cir. 2013).

In addition, Plaintiff would suffer no prejudice from the stay. The case was filed very recently and there is no reason to believe that any evidence or significant witnesses are likely to disappear. Moreover, "a stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action." Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002). By contrast, requiring FBC and the personnel at Fox 35 to submit to discovery (including potential litigation over First Amendment objections) would unfairly expose them to a significant burden and expense that may be completely unnecessary if the action is dismissed. (As also pointed out in the motion, Plaintiff has sued the wrong defendant. Any discovery from FBC would be a waste of resources).

We have conferred with counsel for the Plaintiff, R. Terry Parker, Esq., who advises that Plaintiff does not consent to the stay or an adjournment of the conference. Plaintiff has taken the position that a stay of discovery pending the outcome of the motion to dismiss and any postponement of the Rule 16 conference is unwarranted and would unnecessarily delay the adjudication of Plaintiff's rights.

MINTZ & GOLD LLP
ATTORNEYS AT LAW

Hon. Denise L. Cote
September 19, 2022
Page 3

    FBC therefore respectfully requests that the Court stay discovery pursuant to Fed. R. Civ. P. 26(c). In the alternative, we request that the Court adjourn the initial pretrial conference and the Rule 26(f) conference until after the motion has been fully briefed and the Court has had an opportunity to review the motion.

                                            Respectfully submitted,

                                            */s/ Steven G. Mintz*

                                            Steven G. Mintz

Cc:    R. Terry Parker, Esq.