```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
ROBYN BRODY,                              :
                                          :
                         Plaintiff,       :    22cv6249 (DLC)
                                          :
              -v-                         :    OPINION AND
                                          :        ORDER
FOX BROADCASTING CO., LLC, FOX CORP.,     :
and FOX TELEVISION STATIONS, LLC,         :
                                          :
                         Defendants.      :
                                          :
----------------------------------------- X
```

APPEARANCES:

For plaintiff:
Robert Terry Parker
Rath, Young, & Pignatelli
120 Water Street, 2nd floor
Boston, MA 02109

For defendants:
Steven Glen Mintz
Terence William McCormick
Mintz & Gold LLP
600 Third Avenue, 25th Floor
New York, NY 10016

DENISE COTE, District Judge:

A Fox affiliate in Florida displayed during its news broadcasts a photograph taken from a criminal complaint of a January 6 defendant. The plaintiff has sued Fox Corporation and Fox Television Stations, LLC (collectively, "FOX")[1] for this

---

[1] In her opposition brief, plaintiff withdraws her claims against Fox Broadcasting Company, LLC ("FBC").

display.  FOX moves to dismiss plaintiff's amended complaint in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6), asserting that the alleged copyright infringement constituted fair use. Because fair use is clearly established on the face of the amended complaint and its incorporated exhibits, FOX's motion to dismiss is granted.

## Background

The following facts are taken from the first amended complaint ("FAC") and extrinsic material properly considered on this motion.  For the purposes of deciding this motion, the FAC's factual allegations are accepted as true, and all reasonable inferences are drawn in plaintiff's favor.

Plaintiff is a freelance photographer and photojournalist. Plaintiff owns a copyright in a motion picture that she filmed during the January 6, 2021 insurrection at the U.S. Capitol (the "Motion Picture").  The Motion Picture includes imagery showing Kelly Meggs ("Meggs") and other insurrectionists in military-style gear marching in a "stack formation" up the stairs of the Capitol building.  On February 11, 2021, the Government filed a criminal complaint charging Meggs with various federal offenses in connection with the insurrection.

In the Meggs complaint, the FBI included a screenshot of the aforementioned scene from the Motion Picture, with the

"stack formation" highlighted by a red oval (the "FBI Image"). The FBI Image is produced below:



On January 6, 2022, on the one-year anniversary of the insurrection, a local reporter at Fox 35[2] conducted a remote interview of Meggs, who spoke to the reporter from his jail cell in Washington D.C.[3]  The interview was included in two Fox 35 television news segments -- a 10 p.m. and an 11 p.m. broadcast (collectively, the "News Segments").  The News Segments are now hosted on the Fox 35 website under the article titled, "Capitol Riot suspect, leader of the Oath Keepers speaks from D.C. jail."

---

[2] FOX states that Fox 35 is properly referred to as WOFL FOX 35 Orlando.  Fox 35 is a local television station operating in Orlando, Florida.

[3] Meggs has been identified by FOX as the head of the Florida chapter of the Oath Keepers.

The FBI Image appears twice in the 11 p.m. broadcast. The first occurrence is a slow-motion roll over for approximately ten seconds of a slightly cropped version of the FBI Image. While the image is shown, the Fox 35 reporter says, "in his indictment[4], federal prosecutors identify Meggs and his co-conspirators walking in a stack formation up the Capitol steps." Later in the 11 p.m. broadcast, Meggs states that he entered the Capitol because "the doors were open" and the police "let [him] right in." The broadcast cuts to an image of the first page of the criminal complaint, as a voice-over of the reporter comments:

> The Feds paint a different picture in Meggs' indictment, saying this stack Meggs was a part of [was] a mob that aggressively advanced towards the east side rotunda doors, assaulted the officers guarding the doors, threw objects, and spread chemicals towards the officers and the doors and pulled violently on the doors.

For approximately 16 seconds, while the voice-over plays, the entire FBI Image is shown. The 10 p.m. broadcast showed the same slow roll of the FBI Image and accompanying audio but did not include the second stationary display.

On July 22, 2022, plaintiff filed this action against FBC only. On September 15, FBC moved to dismiss the complaint

---

[4] The FBI Image was included in the FBI's affidavit in support of the criminal complaint against Meggs, filed on February 11, 2021, not in his subsequent indictments.

arguing, inter alia, that plaintiff had sued the wrong defendant because Oregon Television, LLC, not FBC, owns Fox 35.  On September 22, the Court gave plaintiff an opportunity to amend the complaint and warned that it was unlikely that she would have a further opportunity to amend.  On October 7, plaintiff filed the first amended complaint ("FAC"), again against FBC, and adding two New York based affiliates as defendants -- Fox Corporation and Fox Television Stations, LLC.  The FAC asserts claims of direct, contributory, and vicarious copyright infringement against FOX for Fox 35's use of the FBI Image in the News Segments.  Plaintiff alleges that Fox Corporation and its subsidiary, Fox Television, own the Fox 35 TV channel and website.

FOX maintains that it has no ownership over Fox 35, and that Oregon Television is the correct defendant.  On December 1, FOX renewed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  The motion became fully submitted on January 9, 2023.

## Discussion

I.   Legal Standard

To survive a motion to dismiss for failure to state a claim, the complaint "must plead enough facts to state a claim to relief that is plausible on its face."  Green v. Dep't of Educ. of N.Y., 16 F.4th 1070, 1076-77 (2d Cir. 2021) (quoting

5

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Charles v. Orange Cnty., 925 F.3d 73, 81 (2d Cir. 2019) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "In determining if a claim is sufficiently plausible to withstand dismissal," a court "accept[s] all factual allegations as true" and "draw[s] all reasonable inferences in favor of the plaintiffs." Melendez v. City of New York, 16 F.4th 992, 1010 (2d Cir. 2021) (citation omitted). In reviewing a motion to dismiss, a court may "consider extrinsic material that the complaint 'incorporate[s] by reference,' that is 'integral' to the complaint, or of which courts can take judicial notice." Lively v. WAFRA Inv. Advisory Group, Inc., 6 F.4th 293, 305 (2d Cir. 2021) (citation omitted).

FOX argues that the FAC fails to state a claim for copyright infringement because FOX's use of the FBI Image in the News Segments clearly constituted fair use.[5] Fair use is an affirmative defense, Fox News Network, LLC v. Tveyes, Inc., 883 F.3d 169, 176 (2d Cir. 2018), and is therefore not normally an

---

[5] FOX argues in the alternative that dismissal is appropriate pursuant to Fed. R. Civ. P. 12(d) because plaintiff has sued the wrong defendants. Because the Court grants dismissal for failure to state a claim, it is unnecessary to reach that issue.

appropriate ground for dismissing a claim on a Rule 12(b)(6) motion. An affirmative defense may be raised by a pre-answer motion to dismiss, however, "if the defense appears on the face of the complaint." Whiteside v. Hover-Davis, Inc., 995 F.3d 315, 319 (2d Cir. 2021) (citation omitted). "[T]he possibility of fair use being so clearly established by a complaint as to support dismissal of a copyright infringement claim" has been specifically acknowledged by the Court of Appeals. TCA Television Corp. v. McCollum, 839 F.3d 168, 178 (2d Cir. 2016).

II.  Fair Use

The fair use doctrine is formally codified at 17 U.S.C. § 107. That provision states

> Notwithstanding the provisions of sections 106 and 106A, the fair use of a copyrighted work . . . for purposes such as criticism, comment, news reporting, teaching . . . scholarship, or research, is not an infringement of copyright.

17 U.S.C. § 107 (emphasis added). The statute provides a non-exclusive list of four factors that courts are to consider when evaluating whether the use of a copyrighted work is "fair." These factors are:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

7

17 U.S.C. § 107.  No single factor is determinative.  As the Supreme Court has held, fair use presents a holistic, context-sensitive inquiry "not to be simplified with bright-line rules[.] . . . All [four statutory factors] are to be explored, and the results weighed together, in light of the purposes of copyright."  Campbell v. Acuff-Rose Music, 510 U.S. 569, 577-78 (1994).

On October 12, 2022, the Supreme Court heard arguments in Andy Warhol Found. for Visual Arts, Inc. v. Goldsmith, 11 F.4th 26, 36 (2d Cir. 2021), cert. granted, 142 S. Ct. 1412 (2022).  That case considers whether a set of prints that artist Andy Warhol based on Lynn Goldsmith's 1981 photograph of the musician Prince was a fair use of the photograph.  The crux of that appeal concerns the first statutory factor, and presents the question of whether a work of art is "transformative" when it conveys a different meaning or message from its source material (as the Supreme Court held in Campbell, and other circuit courts have held), or whether an accused work cannot be transformative, regardless of a differing meaning, where it recognizably derives from and retains the essential elements of its source material (as the Second Circuit held in Andy Warhol Found.).  The outcome of Andy Warhol Found. is unlikely to impact the case at issue here, which involves a clear-cut application of the fair use

factors in the context of news reporting.  As the Supreme Court recently noted, "copyright's protection may be stronger where the copyrighted material . . . serves an artistic rather than a utilitarian function."  Google LLC v. Oracle Am., Inc., 141 S. Ct. 1183, 1197 (2021).

FOX's uses of the FBI Image, taken from a criminal complaint, unquestionably constitute fair use.  When, as here, the copied work is being used for one of the purposes identified in the preamble of § 107, there is a "strong presumption" in favor of fair use.  NXIVM Corp. v. Ross Inst., 364 F.3d 471, 477 (2d Cir. 2004).  Although a news reporting purpose alone does not guarantee a finding of fair use, the Second Circuit has held that even a news organization's dissemination of a full, unadulterated recording of a company's earnings call constituted fair use when "the sound recording conveys information that a transcript or article cannot."  Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P., 756 F.3d 73, 86-87 (2d Cir. 2014).  Unlike Swatch, the only copyrighted work FOX used here is a single screenshot of the Motion Picture, annotated by FBI markings, which was included in a criminal complaint for a high-profile arrest.  There is no question that FOX was reporting on a newsworthy subject, adding commentary to place Meggs' charges and the FBI Image in context for the viewer.

In addition, the amount of copying here was limited when compared to the entirety of the copyrighted work. But, even if it had not been so limited, the Second Circuit has held that "[i]n the context of news reporting . . . the need to convey information to the public accurately may . . . make it desirable and consonant with copyright law for a defendant to faithfully reproduce an original work without alteration." Swatch, 756 F.3d at 84. In such instances, this factor weighs "in neither party's favor." Id. at 90.

In terms of the four-factor test: (1) the purpose of FOX's use was clearly transformative -- FOX provided news coverage, promoting public commentary and discussion of Meggs' criminal complaint (which itself included the FBI Image as evidence, making the image an essential part of the story), and placing the story in the context of the reporter's interview with Meggs; (2) the nature of the Motion Picture is factual and the work had previously been published; (3) the amount and substantiality of the copying in light of the purpose of the use is slight -- a single screenshot was used, as sourced and edited by the FBI; and, lastly (4) the News Segments do not affect the licensing market for the Motion Picture. Under these circumstances, FOX's entitlement to a fair use defense is "so clearly established on the face of the amended complaint and its incorporated exhibits

as to support dismissal." TCA Television Corp. v. McCollum, 839 F.3d 168, 178 (2d Cir. 2016).

## Conclusion

The defendants' December 1, 2022, motion to dismiss is granted with prejudice. The Clerk of Court shall enter judgment for the defendants and close the case.

Dated:   New York, New York
         April 3, 2023

                                                                DENISE COTE
                                      United States District Judge